## CUTLER v. LEONARD.

PATENTS; INTERFERENCE; APPEALS; DIVISION; ABANDONMENT.

1. A contention by a party to an interference, made for the first time in this court, that the other party's application does not disclose the invention of the issue, comes too late, in view of rule 122 of the Patent Office.

2. Where, before an interference was declared, a patent was granted to the junior party while a divisional application of the senior party was pending, the Patent Office properly imposed the burden of proof upon the junior party by notifying him that, inasmuch as his filing date was subsequent to that of the senior party, judgment would be given on the record against him, unless he should show cause why such action should not be taken. (Distinguishing *Christensen* v. *Noyes*, 15 App. D. C. 94.)

3. The inadvertence of the Patent Office in granting a patent to the applicant who filed last, without declaring an interference between his application and a divisional application of the party who filed first, and the action of the office in erroneously declining to declare an interference between the patent and the divisional application, will not constitute a bar to the renewal of such divisional application, and prevent an interference being then declared between the patent and the renewed application; and, if such renewed application is filed before the expiration of the two years within which renewal application may be filed under sec. 4897, U. S. Rev. Stat., U. S. Comp. Stat. 1901, p. 3386, and there is no evidence of the intention of the applicant to abandon the invention, but, on the contrary, it appears that he has availed himself of the first opportunity to obtain an interference with the other party, it will not be held that his delay in renewing his application worked an abandonment of it. (Citing *Cain* v. *Park*, 14 App. D. C, 42, and *Duryea* v. *Rice*, 28 App. D. C. 423.)

4. *Quœre*, whether it is within the power of the Commissioner of Patents, when he entertains a doubt as to whether there has been an abandonment, to require an explanation of the delay in filing a renewal application.

No. 476. Patent Appeals. Submitted March 18, 1908. Decided May 5, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. W. Clyde Jones, Mr. Robert Lewis Ames, Mr. Joseph R. Edson,* and *Mr. Edwin B. H. Tower, Jr.,* for the appellant.

*Mr. Clifton V. Edwards* and *Mr. Lawrence K. Sager* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an interference proceeding, in which no proofs were taken by either party, and involving an improvement in controllers for electrical vehicles as stated in the following counts:

"1. The combination with a suitable controlling circuit, of a plurality of electromagnetic windings connected in parallel between the opposite mains of said circuit, and adapted to respectively respond to variation of voltage, and a controller for varying the voltage impressed upon said controlling circuit without thereby altering the resistence of said controlling circuit.

"2. The combination with a suitable controlling circuit, of a plurality of electromagnetic windings connected therewith in parallel and adapted to respond to variations of voltage, and a suitable source of current supply having means for varying at will the voltage impressed thereby, the voltage impressed by said source being substantially unaffected by the internal resistence of said circuit.

"3. The combination with a suitable controlling circuit, of a plurality of electromagnetic windings connected in parallel with said circuit and adapted to respond to variations in voltage, a generator for supplying current to said circuit, and means for varying the voltage impressed by said generator."

The interference was declared between a patent issued to Henry H. Cutler November 29, 1904, on an application filed by him April 15, 1903 [and a renewal application of the appellee]. In his preliminary statement, Cutler alleges that he conceived the invention about October, 1902.

Harry Ward Leonard's original application was filed January 24, 1901, and, on March 22, 1902, he filed a divisional application, which he suffered to become forfeited May 11, 1905, and which, on July 6, 1906, he renewed.

Upon the allowance of the patent to Cutler, Leonard petitioned the Patent Office that his divisional application which was copending, be withdrawn from issue and placed in interference with the patent. This petition was refused by the Pri-

mary Examiner upon the ground that the claims meant one thing when applied to the patent and quite another when applied to the application, and that, therefore, there was no interference in fact. Leonard thereupon suffered his application, which was passed to issue November 10, 1904, to become forfeited, and, fourteen months thereafter, renewed said application and petitioned the Patent Office for an interference with the Cutler patent. Thereupon the Examiner, who had previously declined to declare an interference between Leonard's application of which the present was a renewal, granted the petition on the authority of *Ex parte Cutler,* 123 Off. Gaz. 655. In that case, which was decided prior to the filing of the petition for renewal, the Commissioner said: "In this office a claim which is broadly drawn will be broadly read. If a narrow meaning is desired it must be secured by limitations expressed in the claims."

An interference having been declared, the Examiner of Interferences gave notice to Cutler that, inasmuch as his date of conception of the invention was subsequent to the filing date of Leonard, judgment would be given on the record against him, unless he could show cause why such action should not be taken. In answer to this notice, Cutler filed a motion to shift the burden of proof, basing his motion solely upon the ground of Leonard's delay in renewing his application, which Cutler averred Leonard had suffered to become forfeited when he "was cognizant of the fact that Cutler's patent had issued." It will be noticed that no motion was made to dissolve the interference on the ground that Leonard did not have the right to make the claims.

Cutler's motion came before the Examiner of Interferences, who denied it and awarded priority to the senior party, Leonard. The Examiner, in his decision, said: "There is no contention made by Cutler that the invention in issue is not fully disclosed in Leonard's applications." An appeal was prosecuted to the Examiners-in-Chief, who reversed the decision of the Examiner of Interferences on the ground that Leonard had failed to account for the delay of fourteen months between the time when his application became forfeited and the date of its renewal,

and that, therefore, abandonment would be presumed. No question was raised before the Examiners-in-Chief as to Leonard's right to make the claims.

Upon appeal to the Commissioner, the decision of the Examiners-in-Chief was reversed and priority again awarded Leonard.

It is now contended by counsel for Cutler in several differently worded assignments of error that neither Leonard's original application nor his divisional application discloses the invention in issue, and that, therefore, he has improperly enlarged his said applications. In view of the position of Cutler before the Patent Office tribunals, and in view of rule 122 of the Patent Office rules, we do not deem it necessary to give these assignments of error more than passing notice. Manifestly it was incumbent upon Cutler to raise this question before the Primary Examiner, whose skill in the particular art peculiarly qualified him to consider it. The claims being of a highly technical nature, we cannot permit Cutler to try his case backwards by raising this question at this stage of the proceedings. It may be noted, in passing, that the renewed Leonard application contains exactly the same drawings and disclosures as his original application.

It is next contended that the Cutler patent was regularly and legally granted, and that, therefore, the Patent Office was without power to impose the burden of proof upon Cutler in this proceeding. This contention is based upon a misapprehension of the decision of this court in *Christensen* v. *Noyes,* 15 App. D. C. 94. In that case the decision is based on a different state of facts than exist in the present case. It there appeared that, during the period of forfeiture, another inventor filed his application and took out his patent. There was therefore no application concurrently pending in the Patent Office when the patent issued, and no interference could have been declared. In this case, on the contrary, the applications were concurrently pending, and, but for the erroneous decision of the Examiner, an interference would have been declared immediately upon the issuance of the patent to Cutler. Leonard's application was pending when the patent to Cutler was granted, and, in view of the

subsequent decision of the Patent Office that an interference existed, it necessarily follows that the patent to Cutler was inadvertently issued.

The real question in the case is whether the inadvertence of the Patent Office in granting a patent to Cutler without declaring an interference between Cutler's application and Leonard's divisional application, and subsequently erroneously declining to declare an interference between the Cutler patent and Leonard's divisional application, shall be held to be a bar to the renewal of Leonard's divisional application. To state the proposition, we think, is to answer it. Until the patent to Cutler was granted Leonard had no means of knowing what claims it contained. As soon as he learned of the patent he asked for the declaration of an interference, which it was subsequently determined he was entitled to have. Manifestly the patent to Cutler was not regularly issued as contended by his counsel, but was inadvertently issued at a time when an interference should have been declared. Every principle of justice and right, therefore, demands that Leonard be not permitted to suffer because of the mistake or inadvertence of the Patent Office.

The contention that Leonard's delay in renewing his application constituted an abandonment remains to be noticed. Under sec. 4897, Rev. Stat. U. S. Comp. Stat. 1901, p. 3386, such a renewal may be made at any time within two years after the allowance of the original application, "and, upon hearing the renewed applications preferred under this section, abandonment shall be considered as a question of fact." In this case each party stands upon his record proof; consequently Leonard has offered no explanation of his delay in filing the renewal of his forfeited application. In *Duryea* v. *Rice,* 28 App. D. C. 423, Mr. Chief Justice Shepard, in delivering the opinion of the court, said: "This court has heretofore held that, where an application had been forfeited for failure to pay the fee on allowance of the claims, and the applicant had filed a new application within the prescribed period permitted in such cases, he was entitled to the benefit of his original application as a constructive reduction to practice of the invention set forth

therein and afterwards embodied in the second application. *Cain* v. *Park,* 14 App. D. C. 42, 46."

In the present case the renewal application was filed ten months before the expiration of the two years within which it might have been filed. The statute, it will be observed, confers upon the applicant "a *right* to make an application for a patent for such invention or discovery the same as in the case of an original application," within two years after the allowance of the original application. This right can be taken away only by a finding of abandonment, which, the statute ordains, must be determined as a question of fact. Where an affirmative right is conferred by law, we think a finding of abandonment must be predicated facts and circumstances warranting such a finding, and not upon mere presumption. There is no evidence that Leonard had abandoned his invention. On the contrary, the circumstances indicate activity and watchfulness on his part. Believing himself entitled to an interference with Cutler, he tried to induce the Examiner to declare one. When he failed in that, rather than take a patent with the question of priority between him and Cutler undetermined, he availed himself of his statutory privilege, and suffered his application to lapse. He knew he could have a patent for the asking at any time within two years. Within that time the ruling in *Ex parte Cutler, supra,* was made, and promptly thereafter he filed his renewal application and was granted an interference. It is evident that he was carefully watching proceedings in the Patent Office, and that he was quick to avail himself of the first opportunity to obtain an interference with Cutler.

We do not wish to be understood to rule that it is not within the power of the Commissioner, whenever he entertains a doubt as to whether there has been an abandonment, to require an explanation of the delay in filing the renewal application. We confine our ruling to the facts in this case.

The decision of the Commissioner of Patents is affirmed, and the clerk of the court will certify this opinion and the proceedings in this court to the Commissioner of Patents, as required by law.                    *Affirmed.*